UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     v.                                     Case No.: 26-mj-30139

CLAUDE YINDA KWE,

       Defendant.

_____/

**STIPULATION TO EXTEND PRELIMINARY HEARING/
ARRAIGNMENT AND FOR EXCLUDABLE DELAY**

The parties jointly submit this stipulation and request that the Court order the time period in which an indictment must be returned be continued for approximately 30 days and find that the ends of justice served by this continuance outweigh the best interests of the defendant and the public in a speedy indictment.

Ordinarily, an indictment must be returned within thirty days from the date on which a defendant is arrested on a complaint. 18 U.S.C. § 3161(b). That period may be continued by the Court, however, and under some circumstances, the resulting period of delay may be found to be excludable delay for purposes of the 30-day clock of § 3161(b). 18 U.S.C. § 3161(h)(7)(A).

The parties jointly request that the Court continue the period in which an indictment must be returned by approximately 30 days because failure to grant a continuance would deny counsel for the defendant or the government the reasonable

time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(b)(iv). Specifically, Defendant Kwe is charged along with Vincent MUNSTER, who has not yet made his initial appearance in the Eastern District of Michigan due to his attorney's scheduling conflict. MUNSTER is scheduled to appear on July 22, 2025. The parties are also engaged in plea negotiations, which the parties need additional time to complete. The parties also in need of sufficient time to adequately prepare for preliminary examination in the event that plea negotiations are unsuccessful.

As a result of time needed to complete plea negotiations, and to adequately prepare for preliminary examination, if necessary, the parties stipulate to and are seeking an extension of the time within which to indict, and of the preliminary examination date, to August 12, 2026.

The parties further stipulate and request that the Court find that, in light of the factors set forth in 18 U.S.C. § 3161(h)(7)(B), the ends of justice served by this continuance outweigh the best interests of the defendant and the public in a speedy indictment, as it is the public's and the defendant's best interest to allow counsel for defendant reasonable time for effective preparation, taking into consideration counsel's exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The parties further stipulate that the period from July 15, 2026, through August 12, 2026, should be excluded in computing the time in which an indictment must be filed and in which trial must commence. The ends of justice are best served

by granting a continuance in this case and these ends outweigh the best interest of

the public and the defendant in a speedy indictment and speedy trial.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

_s/Timothy P. McDonald_
Timothy P. McDonald
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-0221
timothy.mcdonald@usdoj.gov

_s/ Benton Martin_ (with consent)
Benton Martin
Counsel for Defendant Kwe
613 Abbott St., Suite 500
Detroit, Michigan 48226
(313) 967-5832
Benton_Martin@fd.org


Dated: July 10, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      v.                                       Case No.: 26-mj-30139

CLAUDE YINDA KWE,

       Defendant.
_____/

## ORDER TO EXTEND PRELIMINARY HEARING/ ARRAIGNEMENT AND FOR EXCLUDABLE DELAY

The Court has considered the parties' stipulation and joint motion to continue for approximately 30 days the time period in which an indictment must be filed and hereby grants that request. For the reasons described in the parties' submission, including that it is in the public's and the defendant's best interest to allow counsel for defendant reasonable time for effective preparation of the preliminary examination, the Court specifically finds, after considering the factors set forth in 18 U.S.C. § 3161(h)(7)(B): (1) Defendant Kwe is charged along with Vincent MUNSTER, who has not yet made his initial appearance in the Eastern District of Michigan due to his attorney's scheduling conflict; (2) MUNSTER is scheduled to appear on July 22, 2025; (3) The parties are also engaged in plea negotiations, which the parties need additional time to complete; (4) The parties also in need of

sufficient time to adequately prepare for preliminary examination in the event that plea negotiations are unsuccessful; and, (5) The ends of justice served by this continuance outweigh the best interests of the public and the defendant in a speedy indictment and speedy trial, and that a continuance to August 12, 2026, qualifies as excludable delay under 18 U.S.C. § 3161(h)(7)(A).

IT IS THEREFORE ORDERED that the time in which the government must return an indictment is extended to August 12, 2026.

IT IS FURTHER ORDERED that the period from July 15, 2026, through August 12, 2026, is excluded in computing the time in which an indictment must be filed and in which trial must commence.

IT IS FURTHER ORDERED that the preliminary examination scheduled for July 15, 2026, at 1:00 p.m., is adjourned to August 12, 2026, at 1:00 p.m.

Hon. Anthony P. Patti
United States Magistrate Court Judge

Dated: July 10, 2026