UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v. Case No.: 26-mj-30139

D1 VINCENT MUNSTER
D2 CLAUDE YINDA KWE,

Defendants.
_____________________________/

**STIPULATION TO EXTEND PRELIMINARY HEARING/ ARRAIGNMENT AND FOR EXCLUDABLE DELAY**

The parties jointly submit this stipulation and request that the Court order the time period in which an indictment must be returned be continued for 14 days and find that the ends of justice served by this continuance outweigh the best interests of the defendants and the public in a speedy indictment.

Ordinarily, an indictment must be returned within thirty days from the date on which a defendant is arrested on a complaint. 18 U.S.C. § 3161(b). That period may be continued by the Court, however, and under some circumstances, the resulting period of delay may be found to be excludable delay for purposes of the 30-day clock of § 3161(b). 18 U.S.C. § 3161(h)(7)(A).

The parties jointly request that the Court continue the period in which an indictment must be returned by approximately 14 days because failure to grant a

continuance would deny counsel for the defendants or the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(b)(iv). Specifically, the parties are engaged in plea negotiations, which the parties need additional time to complete. The parties also in need of sufficient time to adequately prepare for preliminary examination in the event that plea negotiations are unsuccessful.

As a result of time needed to complete plea negotiations, and to adequately prepare for preliminary examination, if necessary, the parties stipulate to and are seeking an extension of the time within which to indict, and of the preliminary examination date, to August 26, 2026.

The parties further stipulate and request that the Court find that, in light of the factors set forth in 18 U.S.C. § 3161(h)(7)(B), the ends of justice served by this continuance outweigh the best interests of the defendants and the public in a speedy indictment, as it is the public's and the defendants best interest to allow counsel for defendants reasonable time for effective preparation, taking into consideration counsel's exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The parties further stipulate that the period from the initial appearance in this district (July 15, 2026 for Defendant Kwe, and July 22, 2026 for Defendant Munster), through August 26, 2026, should be excluded in computing the

time in which an indictment must be filed and in which trial must commence.

The ends of justice are best served by granting a continuance in this case and these ends outweigh the best interest of the public and the defendants in a speedy indictment and speedy trial.

IT IS SO STIPULATED.

*s/Timothy P. McDonald*
Timothy P. McDonald
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-0221
timothy.mcdonald@usdoj.gov

*s/ Benton Martin* (with consent)
Benton Martin
Counsel for Defendant Kwe
613 Abbott St., Suite 500
Detroit, Michigan 48226
(313) 967-5832
Benton_Martin@fd.org

*s/ Mark J. O'Brien*
Mark J. O'Brien
Counsel for Defendant Munster
511 West Bay Street, Suite 330
Tampa, FL 33606
(813) 228-6989
mjo@markjobrien.com

Dated: July 30, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v. Case No.: 26-mj-30139

D1 VINCENT MUNSTER
D2 CLAUDE YINDA KWE,

Defendants.
_____________________________/

**ORDER TO EXTEND PRELIMINARY HEARING/ ARRAIGNEMENT AND FOR EXCLUDABLE DELAY**

The Court has considered the parties' stipulation and joint motion to continue for approximately 14 days the time period in which an indictment must be filed and hereby grants that request. For the reasons described in the parties' submission, including that it is in the public's and the defendant's best interest to allow counsel for defendant reasonable time for effective preparation of the preliminary examination, the Court specifically finds after considering the factors set forth in 18 U.S.C. § 3161(h)(7)(B), that the ends of justice served by this continuance outweigh the best interests of the public and the defendant in a speedy indictment and speedy trial, and that a continuance to August 26, 2026, qualifies as excludable delay under 18 U.S.C. § 3161(h)(7)(A).

IT IS THEREFORE ORDERED that the time in which the government must

return an indictment is extended to August 26, 2026.

IT IS FURTHER ORDERED that the period from the initial appearance in this district (July 15, 2026 for Defendant Kwe, and July 22, 2026 for Defendant Munster), through August 26, 2026, is excluded in computing the time in which an indictment must be filed and in which trial must commence.

IT IS FURTHER ORDERED that the preliminary examination scheduled for August 12, 2026, at 1:00 p.m., is adjourned to August 26, 2026, at 1:00 p.m.

s/Elizabeth A. Stafford
Hon. Elizabeth A. Stafford
United States Magistrate Court Judge

Dated: July 31, 2026